IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DWAYNE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-113 |
| | ) | |
| TIMOTHY C. WARD, Commissioner; | ) | |
| ANTOINE CALDWELL, Warden; | ) | |
| LAKISHA FRANKLIN, Deputy Warden; | ) | |
| JOHN MOORE, JR., Special Agent CID; | ) | |
| MICHELLE HARDY, Lieutenant; and | ) | |
| ZANQUISHA BATTIE, Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Washington State Prison, filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia, and he seeks to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.    BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases or appeals that were dismissed and count as strikes: (1) Meadows v. Ward, CV 321-047 (S.D. Ga. Nov. 22, 2021) (dismissed for failure to state claim); (2) Meadows v. Barnard, Civ. Act. No. 1:2017-cv-01028-SCJ (N.D. Ga. June 5, 2017) (dismissed for failure to state claim); and (3) Meadows v Cooper, Civ. Act. No. 4:2015-cv-00038 (N.D. Ga. July 14, 2015) (dismissed for failure to state a claim). Because Plaintiff has at least three strikes, he cannot proceed

IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.      Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Att'y's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff complains about interactions with Defendants at JSP dating back to January 26, 2021.  (Doc. no. 1, p. 6.)  His complaint further describes episodes of alleged use of excessive force and denial of medical treatment from May 2021 through September 2021.  (Id. at 7-8.)  A witness statement attached to the complaint notarized on July 26, 2022, complains about events occurring at JSP on May 8, 2021, and describes Plaintiff's dissatisfaction with his medical treatment at WSP.  (Id. at 11-12.)  None of the allegations in the complaint concerning Plaintiff's time at JSP plausibly establish Plaintiff was in any imminent danger when he filed his complaint from WSP in September 2022.  See Medberry, 185 F.3d at 1193.

Moreover, based on the information in the complaint, as well as the motion for injunctive relief requesting the Court order Plaintiff receive medical treatment from a doctor

outside of the prison system, (doc. no. 4), it appears Plaintiff may be attempting to claim imminent danger based on his medical treatment at WSP.  However, WSP is located in Davisboro, Georgia, within the Middle District of Georgia, and Plaintiff has not named prison officials at WSP as Defendants.  The Court does not have jurisdiction to order a person in the Middle District who is not a defendant in this lawsuit to take any action with respect to Plaintiff.  See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003).  A lawsuit concerning Plaintiff's current medical treatment or lack thereof must be filed in the Middle District of Georgia.  Now that Plaintiff is incarcerated at WSP, there is no imminent danger to Plaintiff from Defendants named in a lawsuit in the Southern District of Georgia concerning Plaintiff's incarceration at JSP.  Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

      **C.**    **The Amended Complaint Should Also Be Dismissed Because Plaintiff Failed to Comply with the Court's Order to Submit an Amended Complaint**

On September 20, 2022, the Court directed Plaintiff to submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia because the original complaint did not provide the information required of incarcerated litigants filing in the Southern District of Georgia.  (See doc. no. 5.)  The Court directed Plaintiff to file an amended complaint on the form provided to him within fourteen days and cautioned he must submit the amended complaint if he wished to proceed with the case.  (Id. at 1-2.)  Plaintiff did not respond.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide an explanation for his failure to comply with the Court's prior order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that he must submit an amended complaint if he wished to continue with the case. Furthermore, because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary

sanctions is not a feasible sanction. In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's September 20, 2022 Order, thereby forming another basis for dismissal.

### III.     CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has failed to comply with an order of the Court to submit his claims on the requisite form. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice. As the case is due to be dismissed, the Court also **REPORTS** and **RECOMMENDS** the motion for an injunction be **DENIED**. (Doc. no. 4.) If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 14th day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA