IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DWAYNE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-113 |
| | ) | |
| TIMOTHY C. WARD, Commissioner; | ) | |
| ANTOINE CALDWELL, Warden; | ) | |
| LAKISHA FRANKLIN, Deputy Warden; | ) | |
| JOHN MOORE, JR., Special Agent CID; | ) | |
| MICHELLE HARDY, Lieutenant; and | ) | |
| ZANQUISHA BATTIE, Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended denying Plaintiff permission to proceed *in forma pauperis* ("IFP") because he has acquired three strikes under 28 U.S.C. § 1915(g) and does not qualify for the imminent danger exception, circumstances requiring dismissal of this case and initiation of a new lawsuit if Plaintiff wishes to pursue his claims. (Doc. no. 6, pp. 2-4, 6.) The Magistrate Judge also recommended dismissing the case because Plaintiff failed to comply with the Court's order to submit an amended complaint. (Id. at 4-6.)

Faced with the prospect of dismissal, Plaintiff belatedly submitted an amended complaint, along with a second motion to proceed IFP.[1] (Doc. nos. 8, 9.) Even if the Court overlooked the untimeliness of Plaintiff's amended complaint, nothing in the amended complaint detailing his treatment by Defendants at Johnson State Prison establishes Plaintiff was in imminent danger when he filed his complaint while housed at Washington State Prison. (See doc. no. 8.) Plaintiff does not contest he has accumulated three strikes under 28 U.S.C. § 1915(g). Nor does he dispute the conclusion that he does not qualify for the imminent danger exception. The renewed IFP motion confirming Plaintiff does not have sufficient funds to pay the full filing fee does not change the three strikes analysis.

Moreover, Plaintiff's amended complaint, signed pursuant to the requirements of Federal Rule of Civil Procedure 11, provides dishonest information about his prior filing history. Despite the Magistrate Judge identifying three prior federal cases filed by Plaintiff, (see doc. no. 6, p. 2), Plaintiff claims he has not filed any other lawsuits about his conditions of confinement, (doc. no. 8, pp. 11-12). However, the first case cited by the Magistrate Judge was dismissed for failure to state a claim regarding the conditions of Plaintiff's confinement during his transport from Johnson State Prison to Augusta State Medical Prison. See Meadows v. Ward, CV 321-047, doc. nos. 9, 13 (S.D. Ga. Nov. 22, 2021).

The Eleventh Circuit has long approved of dismissing a case based on dishonesty in a complaint. See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Kline v. Warden, No. 21-12620-F,

---

[1] Plaintiff also wrote a letter to the Clerk of Court alleging prison officials caused him to miss the deadline for filing an amended complaint. (Doc. no. 10.) If Plaintiff wants the Court to take any action in his case, he must file a properly captioned motion and may not simply write letters to the Clerk of Court. See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). In any event, the letter does not impact the outcome of the case.

2021 WL 9203812, at *1-2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice for failing to disclose a prior lawsuit); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation). As the events described in Plaintiff's current pleadings occurred in or after January 2021, he may timely re-file his claims. Thus, in addition to the reasons for dismissal recommended by the Magistrate Judge, even upon consideration of the amended complaint, the case is subject to dismissal.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** Plaintiff's requests to proceed IFP, (doc. nos. 2, 9), as well as the motion for an injunction, (doc. no 4), **DISMISSES** this action without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 9th day of November, 2022, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE